# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION AT MEMPHIS

| | |
|---|---|
| DAVEY FLOYD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. |
| ) | |
| SHELBY COUNTY, TENNESSEE, a Tennessee ) | |
| Municipality; WELLPATH, LLC, a Delaware ) | |
| Limited Liability Company; REGINALD ) | |
| HUBBARD, Shelby County Correctional Officer; ) | |
| F/N/U PARKER, Shelby County Correctional ) | |
| Officer; F/N/U ROWLEY, Shelby County ) | |
| Correctional Officer; F/N/U LOWREY, Shelby ) | |
| County Correctional Officer; F/N/U ALDRIDGE, ) | |
| Shelby County Correctional Officer; DONNA ) | |
| RANDOLPH, M.D., Wellpath, LLC Employee; ) | |
| JESSICA JONES, Wellpath, LLC, Employee; ) | |
| CHRISTIE JOBES, Wellpath, LLC Employee; ) | |
| F/N/U WASHINGTON, Wellpath, LLC Employee; ) | |
| ERICA WILLIAMS, Wellpath, LLC Employee; and ) | |
| JOHN DOES 1-50, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

COMES NOW, Plaintiff Davey Floyd ("Plaintiff"), by and through his counsel of record, Wells & Associates, PLLC, and for this Complaint against Defendants, SHELBY COUNTY, TENNESSEE, a Tennessee Municipality; WELLPATH, LLC, a Delaware Limited Liability Company; REGINALD HUBBARD, Shelby County Correctional Officer; F/N/U PARKER, Shelby County Correctional Officer; F/N/U ROWLEY, Shelby County Correctional Officer; F/N/U LOWREY, Shelby County Correctional Officer; F/N/U ALDRIDGE, Shelby County Correctional Officer; DONNA RANDOLPH, M.D., Wellpath, LLC Employee; JESSICA JONES,

Wellpath, LLC, Employee; CHRISTIE JOBES, Wellpath, LLC Employee; F/N/U WASHINGTON, Wellpath, LLC Employee; ERICA WILLIAMS, Wellpath, LLC Employee; and JOHN DOES 1-50, states as follows:

I.

**NATURE OF THE ACTION**

1. This suit is brought under the Civil Rights Act of 1871, 42 U.S.C. §§ 1983 ("Section 1983") and 1988 and Tennessee common law to remedy Defendants' actions in causing Plaintiff to be deprived of his constitutional rights by subjecting him to unlawful treatment during his incarceration at the Shelby County Correctional Center (hereinafter the "Jail"). At all times alleged in this Complaint, the Defendants acted with deliberate and reckless indifference when they neglected to take corrective measures to address known issues with conditions in the ceilings in the Jail. The ceiling had collapsed multiple times in the days leading up to the ceiling collapsing on Plaintiff while in the shower, a structural failure that directly resulted in Plaintiff suffering a cervical neck sprain. Further, Defendants deprived Plaintiff of basic, necessary, and immediate medical care for his serious medical condition by refusing to follow the prescribed medical course of treatment for Plaintiff's injury, an act of deliberate and reckless indifference that substantially limited his movement and continues to require treatment to this day. Plaintiff suffered physical and emotional harm due to the Defendants' inhumane and deliberately indifferent actions.

II.

**SUBJECT MATTER JURISDICTION AND VENUE**

2. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a) on the grounds that the claims asserted herein arise under Section 1983 and Section 1988. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C.

§1367(a) in that the federal claims substantially predominate over state law claims and the claims are so related that they form part of the same case or controversy.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a), (b) and (c) on the grounds that all or a substantial portion of the acts giving rise to the violations alleged herein occurred in this judicial district.

## III.

## THE PARTIES AND PERSONAL JURISDICTION

4. Plaintiff Davey Floyd is a resident of Shelby County, Tennessee.

5. Defendant Shelby County, Tennessee (hereinafter "Defendant Shelby County" or "the County") is a Tennessee municipality liable for its policies, customs, and practices, is a party defendant to this matter. Service upon Defendant Shelby County is perfected by service upon the County Attorney, Marlinee Iverson, at 160 N. Main St., 9th Floor, Memphis, Tennessee 38103.

6. Defendant WellPath, LLC, formerly known as Correct Care Solutions, LLC., (hereinafter "Defendant WellPath" or "WellPath") is a limited liability company organized under the laws of the State of Delaware authorized to do business in Tennessee, with its principal place of business located at 1283 Murfreesboro Pike, Suite 500, Nashville, Tennessee 37217. Service of process may be made by serving its registered agent, Corporate Creations Network, Inc. at 205 Powell Place, Brentwood, Tennessee 37027. WellPath is a private entity hired by Shelby County, Tennessee to provide healthcare services at the Shelby County Jail. At all times relevant to this Complaint, Defendant WellPath had an obligation to provide appropriate medical care to Plaintiff when he was incarcerated at the Jail, or any other place Defendant WellPath treated or had an obligation to treat him, and to arrange for him to be evaluated by medical staff (on-site or off-site, as appropriate) when necessary. Defendant WellPath was responsible for the continuity of care

received or not received by Plaintiff throughout his custody at the Jail. Defendant WellPath is vicariously liable for the acts or omissions of the individuals responsible for providing care to Plaintiff at the Jail and any and all agents (actual or apparent) who were negligent in the care/treatment they provided Plaintiff. WellPath is also responsible for the violation of Plaintiff's rights under the Fourteenth Amendment to the United States Constitution as a result of its policies or customs. Plaintiff alleges that all agents of Defendant WellPath including, but not limited to, nurse practitioners, nurses, technicians, staff and any and all other health care providers who treated or should have treated and failed to treat Plaintiff or who were in any way involved in Plaintiff's care or the failure to provide adequate care at the Jail were acting in the course and scope of their agency and/or employment with WellPath at all times relevant to this action. By way of alternative pleading, and upon information and belief, all the nurse practitioners, nurses, technicians, staff, and other health care providers who cared for or treated or should have treated and failed to adequately treat Plaintiff during all times relevant to this claim, were apparent agents of WellPath. Upon further information and belief, WellPath knowingly permitted the healthcare providers to hold themselves out as agents of WellPath and/or WellPath held out the healthcare providers as agents, and Plaintiff reasonably believed they were agents of WellPath and relied upon that belief. Moreover, WellPath was responsible for developing and implementing policies, protocols, procedures and systems for the purpose of providing individuals at the Jail with reasonable and safe care, and with ensuring that the rights of inmates under the 14th Amendments to the United States Constitution were protected at all times relevant to this claim and failed to do so with regard to Plaintiff. At all times relevant to this Complaint, WellPath acted under color of law, performed government functions, was entwined in a symbiotic relationship with Shelby County, and was otherwise engaged in state action consistent with the Supreme Court's analysis

in 'Brentwood Acad. v. Tenn. Secondary Sch. Ath. Ass'n,' 531 U.S. 288 (2000). WellPath is a "person" within the meaning of 42 U.S.C. § 1983.

7. Defendant Chief Reginald Hubbard (hereinafter "Defendant Hubbard"), is a resident of Shelby County, Tennessee and is an employee of the Shelby County Sheriff's Department. Service may be made upon Sheriff Floyd Bonner and/or Jail Director Kirk Fields at 201 Poplar Avenue, 9th Floor, Memphis, Tennessee 38103. Defendant Reginald Hubbard is the policymaker for Shelby County for whose actions Shelby County is liable as Chief Hubbard's actions occurred in his official capacity.

8. Defendant F/N/U Parker (hereinafter "Defendant Parker") is a resident of Shelby County, Tennessee and is an employee of the Shelby County Sheriff's Department. Service may be made upon Sheriff Floyd Bonner and/or Jail Director Kirk Fields at 201 Poplar Avenue, 9th Floor, Memphis, Tennessee 38103.

9. Defendant F/N/U Rowley (hereinafter "Defendant Rowley") is a resident of Shelby County, Tennessee and is an employee of the Shelby County Sheriff's Department. Service may be made upon Sheriff Floyd Bonner and/or Jail Director Kirk Fields at 201 Poplar Avenue, 9th Floor, Memphis, Tennessee 38103.

10. Defendant F/N/U Lowrey (hereinafter "Defendant Lowrey") is a resident of Shelby County, Tennessee and is an employee of the Shelby County Sheriff's Department. Service may be made upon Sheriff Floyd Bonner and/or Jail Director Kirk Fields at 201 Poplar Avenue, 9th Floor, Memphis, Tennessee 38103.

11. Defendant F/N/U Aldridge (hereinafter "Defendant Aldridge") is a resident of Shelby County, Tennessee and is an employee of the Shelby County Sheriff's Department. Service may

be made upon Sheriff Floyd Bonner and/or Jail Director Kirk Fields at 201 Poplar Avenue, 9th Floor, Memphis, Tennessee 38103.

12. As used herein, the phrase "County Defendants" refers to Defendants Shelby County, Hubbard, Parker, Rowley, Lowrey, and Aldridge, both collectively and individually.

13. Defendant Donna Randolph, M.D. (hereinafter "Defendant Randolph") is the Medical Director for the Jail and is an employee of WellPath. Upon information and belief, Dr. Randolph is the final decision maker regarding medical decisions and policies or procedures at the Jail. She is being sued in her individual capacity. Personal service of process made be made upon Defendant, Donna Randolph, M.D., at 626 Charleston Court, Memphis, Tennessee 38103. Dr. Randolph is a policymaker for both Shelby County and WellPath, and both entities are liable for her actions taken in her official capacity.

14. Defendant Jessica Jones, ("Defendant Jones"), is a WellPath employee. Defendant Jones was responsible for the treatment and care of Plaintiff while at the Jail. Service of process may be made upon Defendant Jones at the Jail.

15. Defendant Christie Jobes, ("Defendant Jobes"), is a WellPath employee. Defendant Jobes was responsible for the treatment and care of Plaintiff while at the Jail. Service of process may be made upon Defendant Jobes at the Jail.

16. Defendant F/N/U Washington, ("Defendant Washington"), is a WellPath employee. Defendant Washington was responsible for the treatment and care of Plaintiff while at the Jail. Service of process may be made upon Defendant Washington at the Jail.

17. Defendant Erica Williams, ("Defendant Williams"), is a WellPath employee. Defendant Jones was responsible for the treatment and care of Plaintiff while at the Jail. Service of process may be made upon Defendant Williams at the Jail.

18. As used herein, the phrase "WellPath Defendants" refers to Defendants WellPath, LLC, Randolph, Jones, Jobes, Washington, and Williams, both collectively and individually.

19. At all times relevant to this Complaint, WellPath Defendants acted under color of law, performed government functions, was entwined in a symbiotic relationship with Shelby County, and was otherwise engaged in state action consistent with the Supreme Court's analysis in Brentwood Acad. V. Tenn. Secondary Sch. Ath. Ass'n, 531 U.S. 288 (2000). WellPath Defendants are a "persons" within the meaning of 42 U.S.C. § 1983. At all times relevant to this Complaint WellPath Defendants engaged in actions as employees and agents of WellPath for which WellPath is vicariously liable. As employees of WellPath transacting business through WellPath, service of process may be made by serving WellPath's registered agent, Corporate Creations Network, Inc. at 205 Powell Place, Brentwood, Tennessee 37027, by personally serving them, or serving them at their place of employment, the Shelby County Jail.

20. John Does 1-50 are County Defendants or Wellpath Defendants who are unknown at this time, but will be revealed through discovery.

21. This Court has both general and specific personal jurisdiction over Defendants because each Defendant has had substantial and continuous contact with Tennessee. As a result, this Court has personal jurisdiction over Defendant pursuant to TENN. CODE ANN. §§ 20-2-214(1) and (2) and (6) and 20-2-223(1), (3) and/or (4) on the grounds that the claims asserted against them arise from its transaction of business within Tennessee and on the grounds that the acts giving rise to this Complaint arose within Tennessee. Furthermore, Defendants' contacts and actions were directed toward Tennessee and thus warrant the exercise of personal jurisdiction over it pursuant to TENN. CODE ANN. § 20-2-225(2).

IV.

**FACTUAL ALLEGATIONS**

22. Plaintiff Floyd is a 42-year old male former inmate at Shelby County Correctional Center at 1045 Mullins Station Road, Shelby County, Tennessee. Floyd suffered a cervical neck sprain after a ceiling in the Jail collapsed on him on or about November 16, 2022. As of the filing of this Complaint, he still requires medical treatment. Plaintiff failed to receive appropriate medical treatment during his stay at the Jail. In short, Plaintiff suffered daily for greater than six (6) months from his injuries which continue(s) to cause Plaintiff daily suffering. This lack of treatment has rendered Plaintiff partially disabled and caused him continued severe pain and suffering that, at a minimum, will require substantial medical treatment to correct and is potentially permanent.

23. On March 20, 2020, Plaintiff was transported to the Jail to serve a sentence of incarceration.

24. On June 8, 2022, Plaintiff was the victim of an assault committed by another inmate, Timothy Jackson, which resulted in his jaw being broken. This assault was reported to Shelby County correctional officer Sergeant Moore, and Plaintiff was transported to Regional One Medical Center at 877 Jefferson Ave. in Shelby County, Tennessee. Plaintiff underwent surgery resulting in a metal plate being placed in his jaw, which was subsequently wired shut.

25. On June 9, 2022, Plaintiff was transported back to the Jail where he was housed in a medical block under the supervision and care of the Wellpath Defendants. Just days prior to Plaintiff being housed in Dormitory B of the medical block, the ceiling had collapsed in that very dormitory. Days prior to that ceiling collapse, the ceiling in Dormitory H, a dormitory across the aisle from Dormitory B inside the Jail had collapsed as well.

26. On November 16, 2022, while still being housed in Dormitory B of the medical block of the Jail, the ceiling predictably collapsed on the Plaintiff while he was in the shower, pinning his body and healing broken jaw against the concrete floor. Defendants Parker and Rowley were the correctional officers supervising the Plaintiff's medical pod that day. Defendants Parker and Rowley called for assistance, which came from responding correctional officers Defendants Lowrey and Aldridge.

27. Upon information and belief, while lying under the rubble of the collapsed ceiling, Wellpath employees Defendants Jones and Jobes placed a hard plastic neck collar on Plaintiff and instructed him to lie still while the attending correctional officers removed the ceiling debris from Plaintiff's body.

28. After the immediately aforementioned incident on November 16, 2022, Plaintiff was transported to Baptist Memorial Hospital at 6019 Walnut Grove Rd. in Shelby County, Tennessee, where he was examined, X-Rayed, and diagnosed with a cervical neck sprain. Plaintiff was then placed in a soft cushioned neck collar, provided with pain medication, and discharged back to the Jail.

29. On November 16, 2022, after returning to his pod in the medical block of the jail, Plaintiff was received by Wellpath employee Defendant Washington, who forcibly removed Plaintiff's neck collar before agreeing to admit him into the medical pod.

30. On November 17, 2022, Plaintiff was seen by Wellpath employee Defendant Williams, at which time Plaintiff requested his neck collar due to ongoing neck pain. Defendant Williams refused Plaintiff's request.

31. On December 2, 2022, after making multiple complaints to the County Defendants and Wellpath Defendants, Plaintiff was again transported to Regional One Medical Center due to his

ongoing neck pain. Upon examination by doctors at Regional One Medical Center, Plaintiff received the same diagnosis previously given by doctors at Baptist Memorial Hospital and, again, was discharged back to the medical block of the Jail.

32. Upon information and belief, after repeated requests for a neck collar which were repeatedly denied, Plaintiff filed a grievance against Defendant Williams on March 6, 2023.

33. Upon information and belief, after filing the immediately aforementioned grievance against Defendant Williams, Plaintiff was "written up" for misconduct by Defendant Williams.

34. Upon information and belief, on March 16, 2023, Defendant was removed from the medical block of the Jail and placed in solitary confinement because of Defendant Williams' "write-up."

35. On March 17, 2023, Shelby County correctional officers Clemmons and Strickland came to see the Plaintiff in solitary confinement and made the determination to dismiss Defendant Williams' "write-up," and had Plaintiff transported to general population; however, he was not allowed to return to the medical block where he had previously been housed to receive treatment for his serious medical conditions.

36. On May 30, 2023, Plaintiff was released from the Jail, at which time he immediately began efforts to obtain an appointment with a medical care provider. Due to Plaintiff's destitution, he was unable to afford private treatment and had to opt for treatment through Christ Community Healthcare, a non-profit that does not require co-pays for indigent patients, with whom he was finally able to secure a visit in June of 2023 and, again, was diagnosed with a cervical neck sprain.

37. Plaintiff is now in the process of obtaining treatment through an orthopedic specialist.

38. Plaintiff continues to suffer from pain in his neck, back, and jaw. Plaintiff's ability to work is substantially decreased, but Plaintiff is compelled to work while continually in severe pain or risk destitution.

39. Plaintiff initially advised Defendant Washington and/or Defendant Williams and has repeatedly advised all WellPath Defendants of the following:

> (a) he suffered from severe pain due what he had been informed by doctors to be a cervical neck sprain and aggravated broken jaw;
>
> (b) his pain was so great as to require appropriate prescription pain medication, not simply over the counter pain medication;
>
> (c) he required a neck collar to properly immobilize his neck and treat his cervical neck sprain, as previously advised and prescribed by treating physicians; and,
>
> (d) he believed that his condition was worsening without the prescribed neck brace.

40. The duty of care in a corrections facility or jail in a similar municipality would require that a patient suffering from Plaintiff's injuries would be transported to an emergency department for evaluation and for a proper course of treatment to be developed and followed.

41. Against the recommended course of treatment prescribed by doctors in the emergency department at Baptist Memorial Hospital, i.e., immobilization of the neck through the use of a neck collar, Defendants were deliberately indifferent to said doctors' orders and exacerbated Plaintiff's serious medical condition(s).

42. The administration of generic pain medication, and even prescription muscle relaxers, is not treatment for a cervical neck sprain coupled with a broken jaw that has been aggravated in the healing process and amounts to no treatment at all.

43. As a matter of policy, practice, and/or custom and at all times relevant to this Complaint, WellPath and/or Shelby County failed to follow the prescribed course of treatment for

Plaintiff's injuries. WellPath and/or Shelby County adopted a policy of disallowing outside medical devices into the Jail, even when recommended by medical professionals as a result of injuries caused by failing structural conditions within their own facilities, while simultaneously failing to provide a reasonable in-house substitute. This policy, practice, and/or custom is unconstitutional as applied, as detainees and inmates are entitled to adequate medical care for their serious medical needs.

44. As a matter of policy, practice, and/or custom, WellPath and/or Shelby County only utilize generic pain medication and refuse to allow inmates opioid or narcotic pain medication. This policy is unconstitutional on its face and/or as applied because inmates are entitled to adequate medical care. WellPath and/or Shelby County cannot provide adequate medical care with a policy, practice, or custom that prevents inmates from receiving appropriate pain medication for serious medical conditions.

45. In the event that WellPath denies that it is responsible for any of the policies alleged herein, then Plaintiff alleges, in the alternative, that the policy is attributable to Shelby County. This includes any and all policies or customs alleged or reasonably inferred from this Complaint.

46. It being clearly established that inmates have a substantive due process right to reasonably safe housing conditions and necessary medical care, any reasonable correctional officer or medical care provider who was not deliberately indifferent and who knew of a dangerous condition in the ceiling of a dormitory with the Jail would not continue to house inmates in that pod and, after being treated for injuries suffered as a result of that known dangerous condition, would have followed the external attending physician's advice and recommended course of treatment.

47. But for the deliberate indifference of the Defendants to Plaintiff's serious medical needs, he would never have had to endure months of pain and suffering and would not have been provided inadequate medical care, including lack of a neck collar and inappropriate pain medication.

48. Plaintiff has suffered damages as a result of Defendants' deliberate indifferent conduct while incarcerated at the Jail. As a direct and proximate result of Defendants' failure to provide reasonably safe housing for inmates, Plaintiff suffered serious bodily injuries while housed at the jail. Additionally, as a direct and proximate result of Defendants' failure to follow the advice and recommended course of prescribed treatment for the injuries caused by their own unsafe housing conditions, Plaintiff suffered daily due to his serious medical injury. Further, Plaintiff continues to suffer from this same injury and possibly permanent disability as a result. Defendants failed to provide Plaintiff with reasonably safe housing conditions which resulted in his suffering a serious bodily injury. Defendants further exacerbated that injury by refusing to follow course of treatment for said injuries recommended by external medical providers. Furthermore, when Plaintiff complained of Defendants' refusal to provide appropriate medical treatment, Defendants took retaliatory action against him and had him removed from the medical block and placed in solitary confinement. As a result, Plaintiff was denied reasonable and necessary medical care despite his numerous requests for aid. Plaintiff now suffers from what he believes to be arthritis in his neck and a protruding metal plate in his jaw. Plaintiff's injuries might be permanent and will require further evaluation by appropriate medical providers. Plaintiff is presently in the process of obtaining treatment for his injuries.

V.

CASUES OF ACTION

COUNT 1 - VIOLATION OF 42 U.S.C SEC. 1983

(AGAINST SHELBY COUNTY)

49. Plaintiff re-alleges paragraphs 1-48 of this Complaint as if set forth verbatim herein.

50. As alleged above, the County, acting under color of state law, violated the rights of Plaintiff secured by the Fourteenth Amendment to the U.S. Constitution. Specifically, the Shelby County Sheriff, Shelby County Jail Director, Shelby County Assistant Director of Jail Programs, the Shelby County Jail Medical Director, and the various other officials responsible for making policy with regard to the Sheriff's Department and Jail, enacted policies and customs that were deliberately indifferent to and caused the violation of Plaintiff's constitutional rights.

51. Further, Shelby County, acting by and through its policymakers, officers, and agents, and acting under color of state law, violated the rights of Plaintiff secured by the Fourteenth Amendment to the U.S. Constitution.

52. Defendant Shelby County, acting by and through its policymakers, officers, and agents with deliberate indifference, implemented customs and policies and/or at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the individuals who violated the above-described constitutional rights of Plaintiff. These policies and customs directly and proximately caused the above-described constitutional rights violations.

53. In the alternative, Defendant Shelby County, acting by and through its policymakers, officers, and agents with deliberate indifference, failed to properly hire or train its agents and employees with respect to their responsibilities in ensuring that they maintain reasonably safe

housing conditions for inmates and provide reasonable medical care, which proximately caused the above-described constitutional rights violations.

## COUNT 2 - VIOLATION OF 42 U.S.C. SEC. 1983

## (AGAINST WELLPATH)

54. Plaintiff re-alleges paragraphs 1-53 of this Complaint as if set forth verbatim herein.

55. At all times relevant to this Complaint, WellPath acted under color of law, performed government functions, was entwined in a symbiotic relationship with Shelby County, and were otherwise engaged in state action consistent with the Supreme Court's analysis in 'Brentwood Acad. V. Tenn. Secondary Sch. Ath. Ass'n,' 531 U.S. 288 (2000). WellPath is a "person" within the meaning of 42 U.S.C. § 1983.

56. WellPath directly participated in and proximately caused the above-described constitutional rights violations by instituting policies and customs with deliberate indifference to the serious medical needs of individuals like Plaintiff, specifically including, but not limited to, WellPath's policies of failing to provide necessary medical device(s) and refusing to follow the prescribed course of treatment for Plaintiff's serious medical condition.

57. To the extent that WellPath Defendants claim their subordinates are the actual persons who were deliberately indifferent to the serious medical needs of Plaintiff, and that they were not personally involved themselves, WellPath Defendants at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of these offending subordinates. As a result, WellPath Defendants are personally liable under Section 1983. 'Taylor v. Michigan Dep't of Corrections,' 69 F.3d 76, 81 (6th Cir. 1995) ("At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the

unconstitutional conduct of the offending subordinate") quoting, "Bellamy v. Bradley," 729 F.2d 416, 421 (6th Cir. 1983).

58. Defendant WellPath, acting by and through its policymakers, officers, and agents with deliberate indifference, implemented customs and policies and/or at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the individuals who violated the above-described constitutional rights of Plaintiff. These policies and customs directly and proximately caused the above-described constitutional rights violations.

59. In the alternative, if Defendant WellPath claims that the conduct described herein is contrary to its policies, then WellPath, acting by and through its policymakers, officers, and agents and with deliberate indifference, failed to properly train or supervise its agents and employees with respect to their responsibilities in ensuring that they provide reasonable medical care, which proximately caused the above-described constitutional rights violations.

## COUNT 3 - VIOLATION OF 42 U.S.C. SEC. 1983
### (AGAINST WELLPATH DEFENDANTS)

60. Plaintiff re-alleges paragraphs 1-59 of this Complaint as if set forth verbatim herein.

61. At all times relevant to this Complaint, the WellPath Defendants acted under color of law, performed government functions, were entwined in a symbiotic relationship with Shelby County and were otherwise engaged in state action consistent with the Supreme Court's analysis in "Brentwood Acad. V. Tenn. Secondary Sch. Ath. Ass'n," 531 U.S. 288 (2000). WellPath defendants are "persons" within the meaning of 42 U.S.C. § 1983.

62. The WellPath Defendants, acting with deliberate indifference, directly participated in and proximately caused the above-described constitutional rights violations by deliberately ignoring Plaintiff's serious medical needs.

63. All of the WellPath Defendants who provided treatment and care to Plaintiff during his confinement at the Jail, were responsible for providing and/or supervising the medical treatment of Plaintiff.

64. A layperson would be aware that a cervical neck sprain is a serious medical condition that is treated through immobilization of the head and neck, and if untreated for extended periods of time may cause irrevocable damages and disability. The WellPath Defendants knew or should have known (1) that because Plaintiff had a cervical neck sprain that was not healing properly, he suffered from a serious medical need, and (2) appropriate prescribed medical treatment, and narcotic or prescription pain medication was necessary given Plaintiff's medical symptoms.

65. The WellPath Defendants knew or had reason to know that Plaintiff had a serious medical need that required appropriate treatment, and narcotic or opioid pain medication and that there was a risk of irrevocable damages and continuing harm if Plaintiff did not receive appropriate treatment, and narcotic or prescription pain medication. The WellPath Defendants were informed of that risk by Plaintiff upon his return from Baptist Memorial Hospital. The WellPath Defendants inexcusably disregarded that risk by forcibly removing the immobilization neck collar prescribed to Plaintiff by his treating physician(s) and failing to provide him with a substitute immobilization neck collar.

66. The WellPath Defendants' failure to provide necessary medical care resulted in Plaintiff's daily pain and suffering.

**COUNT 4 - VIOLATION OF 42 U.S.C. SEC. 1983**

**(AGAINST SHELBY COUNTY DEFENDANTS IN THEIR INDIVIDUAL CAPACITIES)**

67. Plaintiff re-alleges paragraphs 1-66 of this Complaint as if set forth verbatim herein.

68. As alleged above, the County Defendants, acting under color of state law and with deliberate indifference, violated Plaintiff's rights secured by the Fourteenth Amendment to the U.S. Constitution.

69. It is clearly established that pre-trial detainees and inmates have a right to reasonably safe housing conditions and adequate medical care, which includes not subjecting inmates to known dangerous housing conditions and, in the event of an injury, following the recommended course of treatment by a treating physician, and the administration of appropriate narcotic or prescription pain medication.

70. A layperson, let alone any public law enforcement officer or medical professional performing a government function, would be aware that a dormitory in which ceiling had recently collapsed was not a safe environment for the housing of inmates and, furthermore, that a cervical neck sprain is a serious medical condition that is treated through immobilization of the head and neck, and if untreated for extended periods of time may cause irrevocable damages and disability. The County Defendants knew or should have known (1) Plaintiff's dormitory was not safe for the housing of inmates, (2) that because Plaintiff had a cervical neck sprain that was not healing properly, he suffered from a serious medical need, and (3) appropriate prescribed medical treatment, and narcotic or prescription pain medication was necessary given Plaintiff's medical symptoms.

71. As a result, County Defendants are not entitled to the affirmative defense of "qualified immunity" for their individual liability.

72. County Defendants acted with deliberate indifference, directly participated in and proximately caused the above-described constitutional rights violations by deliberately ignoring

both known dangerous housing conditions within Plaintiff's pod in the Jail, as well as Plaintiff's serious medical needs.

73. To the extent that County Defendants claim their subordinates are the actual persons who wrongfully ignored Plaintiff's medical needs and that they were not personally involved themselves, County Defendants at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of these offending subordinates. As a result, County Defendants are personally liable under Section 1983. "Taylor v. Michigan Dep't of Corrections," 69 F.3d 76, 81 (6th Cir. 1995) ("At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate") quoting, "Bellamy v. Bradley," 729 F.2d 416, 421 (6th Cir. 1983).

74. Defendants intentionally retaliated against Plaintiff when he complained of the lack of appropriate medical treatment that he was receiving by removing him from the medical block of the Jail and placing him in solitary confinement, further exacerbating his serious medical condition(s).

75. In the alternative, County Defendants, acting with deliberate indifference, failed to properly train and/or supervise their subordinates with respect to their responsibilities in ensuring that they provide reasonably safe housing conditions and reasonable medical care, which proximately caused the above-described constitutional rights violations.

## VI.

## **PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays:

1. That proper process be issued against Defendants requiring them to plead and answer.

2. That Plaintiff be awarded a judgment against Defendants in an amount in actual and compensatory damages.

3. That Plaintiff be awarded punitive damages for Defendants' grossly negligent, reckless, and/or willful acts and/or omissions in this case, where such actions caused actual damage to Plaintiff.

4. That Plaintiff be granted such other relief, general or specific that this Honorable Court deems equitable and just.

5. That Plaintiff be awarded his reasonable attorney's fees, pursuant to 42 U.S.C Sec. 1988.

6. That Plaintiff be awarded costs and expenses incurred in this matter pursuant to Rule 54 of the Federal Rules of Civil Procedure.

7. That Plaintiff be awarded pre and post-judgment interest pursuant to Tenn. Code Ann. Sec. 47-14-123 in an amount according to the proof at trial.

8. That a jury of the Plaintiff's peers be empaneled to try these issues when joined.

9. That Plaintiff reserve the right to amend these pleadings to conform to the facts of this matter

Respectfully submitted,

**WELLS & ASSOCIATES, PLLC**

/s/ Murray B. Wells
Murray B. Wells (21749)
81 Monroe Avenue – Suite 200
Memphis, TN, 38103
(901) 507-2521
wells@thewellsfirm.com